

```
                                                    FILED
                                              07 JAN -9 PM 3: 24
                                            CLERK, U.S. DISTRICT COURT
                                          SOUTHERN DISTRICT OF CALIFORNIA

                                          BY:    VP        DEPUTY
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RUIZ BUCIO, BOP #93323-198, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, et al., <br><br> Defendants. | Civil No.   06-0917 BEN (JMA) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(b)(ii)** |

## I.   Procedural History

On April 21, 2006, Plaintiff, Gabriel Ruiz Bucio, a federal prisoner proceeding *pro se*, filed a civil rights action under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

On August 22, 2006, the Court granted Plaintiff's Motion to Proceed IFP but *sua sponte* dismissed his Complaint for failing to state a claim upon which relief could be granted. (*See* August 22, 2006 Order at 5.) The Court identified the deficiencies of pleading in Plaintiff's Complaint and permitted Plaintiff leave to file a First Amended Complaint. *Id.* On September 28, 2006, Plaintiff filed a First Amended Complaint. However, Plaintiff's First Amended Complaint suffers from the same deficiencies of pleading previously identified by this Court and must, once again, be dismissed for failing to state a claim.

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court stated in its August 22, 2006 Order, the Prison Litigation Reform Action obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before the PLRA, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

In *Bivens*, the Supreme Court held that an action for money damages may be brought against federal agents acting under color of their authority for injuries caused by their unconstitutional



1  conduct. 403 U.S. at 397; *see also Vacarro v. Dobre*, 81 F.3d 854, 856 (9th Cir. 1996). To state a
2  private cause of action under *Bivens*, Plaintiff must allege: (1) that a right
3  secured by the Constitution of the United States was violated, and (2) that the violation was
4  committed by a federal actor. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

5        Plaintiff's First Amended Complaint is, once again, subject to *sua sponte* dismissal pursuant
6  to 28 U.S.C. § 1915(e)(2) to the extent it names the United States of American and the United States
7  Custom and Border Patrol Agency as Defendants. *Bivens* provides that "federal courts have the
8  inherent authority to award damages against federal officials to compensate plaintiffs for violations
9  of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156
10 (9th Cir. 2000); *Bivens*, 403 U.S. at 394; *see also Carlson v. Green*, 446 U.S. 14, 23 (1980)
11 (authorizing *Bivens* remedy to compensate for constitutional injury even though state tort law and
12 Federal Tort Claims Act authorized award of damages caused by same conduct). However, a *Bivens*
13 action may only be brought against the responsible federal official in his or her individual capacity.
14 *Daly-Murphy*, 837 F.2d at 355. *Bivens* does not authorize a suit against the government or its
15 agencies for monetary relief, *see FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*,
16 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-Murphy*, 837 F.2d at 355. Nor does *Bivens* provide a
17 remedy for wrongs committed by a private entity alleged to have denied Plaintiff's constitutional
18 rights under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001)
19 ("'[T]he purpose of *Bivens* is to deter *the officer,*' not the agency.") (quoting *Meyer*, 510 U.S. at
20 485); *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private
21 entities."). Thus, to the extent Plaintiff seeks to bring a *Bivens* cause of action for damages against
22 the United States of America or any federal agency, his claims are not cognizable. Accordingly, to
23 the extent Plaintiff seeks damages under *Bivens* against the United States and its agencies, his First
24 Amended Complaint is sua sponte **DISMISSED** for failing to state a claim pursuant to 28 U.S.C.
25 § 1915(e)(2). *See Calhoun*, 254 G.3d at 845; *Lopez*, 203 F.3d at 1127.

26 **III.   Conclusion and Order**
27       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:
28

1.     The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

2.     Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file a Second Amended Complaint which addresses each deficiency of pleading noted above. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading. See S. D. CA. CIV. L R. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived. See *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: 01/08/07

/s/ HON. ROGER T. BENITEZ
United States District Judge